UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01950-PA-MBK | Date | May 14, 2026 |
|---|---|---|---|
| Title | Warren Peter Zesk v. Warden | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge | |
|---|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Petitioner: | Attorneys for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER FOR PETITIONER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR ABSENCE OF PETITION

Petitioner Warren Peter Zesk filed a Motion for Extension of time to file a Habeas Petition pursuant to 28 U.S.C. § 2254. Dkt. 1. In the Motion, Mr. Zesk explains that he is working to file his habeas petition, but has not yet obtained his trial transcripts from his trial and appellate counsel. *Id.* at 1. Mr. Zesk includes an exchange of letters to his trial counsel and the trial court requesting his trial transcripts. *Id.* at 6-14. He also attaches a letter from the Appellate Defenders, Inc., advising him that they were unable to represent him in filing a Petition for Review to the California Supreme Court. *Id.* at 8. Petitioner requests the Court to grant him an extension of time to file his habeas petition so that he complies with the AEDPA statute of limitations period for petitions filed pursuant to Section 2254.

The AEDPA statute of limitations begins to run one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the statute is tolled while a petitioner is pursuing state collateral review. *Harris v. Carter*, 515 F.3d 1051 n.3 (9th Cir. 2008) ("We hold that the statute of limitations is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." (quotations omitted)); *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Under Section 2254, a petitioner is typically required to exhaust their claims (that is, present the claims) to the state courts before seeking federal court relief. "In other

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01950-PA-MBK | Date | May 14, 2026 |
|---|---|---|---|
| Title | Warren Peter Zesk v. Warden | | |

words, the state prisoner must give the state courts an opportunity to act on his claims before he presents them to a federal court in a habeas petition." *O'sullivan v. Boerckel*, 26 U.S. 838, 842 (1999). Exhaustion requires the prisoner's claims and grounds for relief be fairly presented to the state courts and be disposed of on the merits by the highest court of the state, which in this case is the California Supreme Court. *See James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). To "fairly present" a federal claim to the state courts, the prisoner must describe both the operative facts and the precise federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The petitioner bears the burden of showing compliance with the exhaustion requirement. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

However, Petitioner is advised that a district court may, in its discretion, stay a completely unexhausted federal habeas petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). *See Mena v. Long,* 813 F. 3d 907, 912 (2016). A *Rhines* stay is available only if: "(1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 455 U.S. at 278).

Petitioner has not filed a habeas petition setting forth his claims or a motion to stay the petition while he attempts to exhaust his state remedies. It is also not clear to the Court whether Petitioner is currently attempting to file a Petition for Review with the California Supreme Court, if he intends pursue habeas or other collateral relief in the state courts, or if he has any pending matters related to his habeas claims in the state courts.

Petitioner is therefore ordered to show cause (meaning, explain in writing) how he prefers to proceed in this action based on the following options:

1. Petitioner may file a Petition in this action and a Motion to Stay this case while he exhausts his claims in state court pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). For the Petition, Petitioner may use the Court's form Section 2254 petition and include the factual and legal bases for his habeas claims. For the *Rhines* motion, consistent with the requirements discussed above, Petitioner should explain why he did not exhaust his claims earlier and why there is merit to the unexhausted claims.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01950-PA-MBK | Date | May 14, 2026 |
|---|---|---|---|
| Title | Warren Peter Zesk v. Warden | | |

2. Petitioner may file a Petition in this action without filing a request to stay the case and the Court will determine whether the Petition meets the requirements of the Habeas Rules prior to ordering the Petition to be served on Respondents. However, Petitioner is advised that if he has not exhausted his claims as required by AEDPA, the Petition may be subject to dismissal.

3. Petitioner may voluntarily dismiss this action without prejudice and re-file a petition for writ of habeas corpus when he is ready to do so, provided the filing complies with the applicable statutes of limitation.

Petitioner's response to this order, along with a Petition and a Motion to Stay (if Petitioner decides to pursue these options), is due on or before **June 15, 2026.**

**The Clerk is ordered to include a copy of the Central District's Section 2254 Form Petition as an attachment to this order.**

**Petitioner is warned that failure to file a timely response may result in a recommendation that the action be dismissed for failure to prosecute the case pursuant to Federal Rule of Civil Procedure 41(b).**

\*\*\*

Petitioner is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Petitioner without filing and will not be considered by the Court**.

1. All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

2. Each document must include the title and case number (including judges' initials).  Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed 25 pages in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-01950-PA-MBK | Date | May 14, 2026 |
|---|---|---|---|
| Title | Warren Peter Zesk v. Warden | | |

3.  Petitioner must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Petitioner should keep a copy of any document sent to the Court.

4.  After any Respondent has filed an appearance in this action, Petitioner must file any future document with the Court and serve it on Respondent(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Petitioner <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

5.  At the top of the first page of any document sent to the Court, Petitioner must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Petitioner's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Petitioner fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of a pro se Party to Keep Court Apprised of Current Address: A* party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se Petitioner at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

**IT IS SO ORDERED.**